United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MIGUEL E. DEJEAN,
Plaintiff,

v.

JIMMY PROKOPOS, et al.,
Defendants.

Case No. 25-cv-10412-AMO

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND REMANDING THE CASE**

Re: Dkt. No. 26

Plaintiff Miguel E. Dejean brings this action against Defendants Jimmy Prokopos and ASM Global Management Group[1] alleging retaliation, wrongful termination, and defamation. Before the Court is Defendants' motion to dismiss Dejean's first amended complaint. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the Court **GRANTS IN PART** and **DENIES IN PART** the motion, for the following reasons.

## I. BACKGROUND[2]

Plaintiff Miguel E. Dejean was employed as a Security Officer at the Moscone Center by Defendant ASM Global. Dkt. No. 24 ¶¶ 2-5. Dejean was a member of, and Shop Steward for, the

[1] Parties dispute the proper name for the Defendant entity. Defendants contend that SMG was erroneously sued as "ASM Global Management Group." *See* Dkt. No. 1 at 1. Dejean argues that ASM Global is the proper defendant for this suit because "employment records, formal government agency proceedings, and the operative [collective bargaining agreement]" name ASM Global as Dejean's employer and the successor company to SMG. Dkt. No. 28 at 9. The Court finds that it is not necessary to resolve this dispute on the present motion because the disputed entity's name is immaterial to the motion at bar. Herein, the Court accepts Dejean's position as true and, accordingly, refers to the entity as ASM Global. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

[2] These facts are drawn from the allegations in Dejean's first amended complaint, which the Court accepts as true and construes in the light most favorable to Dejean. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

Service Employees International Union, United Service Workers West (the "Union"). *Id.* The Union and ASM Global entered into a collective bargaining agreement, effective July 1, 2023. Dkt. No. 26-1 at 4.

Beginning in 2023, Dejean participated in grievance proceedings regarding a wage dispute. Dkt. No. 24 ¶¶ 13-24, 72. This grievance culminated in an April 2024 arbitration concerning interpretation of the CBA with respect to the applicable wage rate for Security Officers, during which Dejean was named as the sole grievant. *Id.* ¶¶ 14-15, 29. Around this time, ASM Global retaliated against Dejean, including through suspensions. *Id.* ¶¶ 28, 75.

On March 31, 2025, Defendant Prokopos, a shift manager in the Security Department, served disciplinary papers on Dejean at the end of his shift. Dkt. No. 28 at 12:8-13. During this interaction, Dejean declined to accept the papers because, in violation of the CBA, Prokopos denied Dejean his right to representation when formal discipline is issued. Dkt. No. 24 ¶ 78. Around 1:00 a.m. on April 2, 2025, Propkopos sent a statement to Dejean's supervisor and the entire Security Department accusing Dejean of making physical threats and appearing to be "on the verge of losing control." *Id.* ¶ 79; Dkt. No. 28 at 12:16-20. Prokopos' statement prompted an investigation, Dkt. No. 24 ¶¶ 82-84, which ultimately resulted in Dejean's termination on April 15, 2025, *id.* ¶ 51. On May 21, 2025, Dejean initiated the internal grievance process pursuant to the CBA. Dkt. No. 28 at 13. The process concluded when the Board of Adjustment ended in a deadlock on July 8, 2025, and the Union issued a letter to Dejean confirming that all grievance procedures had been exhausted. *Id.* Thereafter, Dejean filed the present action.

Dejean, representing himself, filed his complaint on October 2, 2025, in San Francisco County Superior Court. Dkt. No. 1-2. Defendants removed the case to federal court on December 4, 2025, invoking federal question jurisdiction. Dkt. No. 1. They contend that Dejean's claims are intertwined with the collective bargaining agreement between Defendants and the Union, and thus, are preempted by Section 301 of the Labor Management Relations Act ("LMRA"). Dkt. No. 1; *see also* 29 U.S.C. § 185(a) ("Suits for violation of contracts between an employer and a labor organization . . . may be brought in any district court of the United States.").

With the Court's approval, on March 31, 2026, Dejean filed an amended complaint,

United States District Court
Northern District of California

alleging retaliation in violation of California Labor Code § 1102.5, defamation, and wrongful termination. Dkt. No. 24. On April 14, Defendants moved to dismiss the first amended complaint.[3] Dkt. No. 26. Defendants argue all three claims should be dismissed as preempted by § 301, the retaliation and wrongful termination claims should be dismissed as preempted by the National Labor Relations Act ("NLRA"), and the complaint fails to state a claim for retaliation or defamation. *Id.* Dejean filed his response on May 1, 2026, Dkt. No. 28, and Defendants' reply followed on May 12, 2026, Dkt. No. 30. Dejean subsequently moved for leave to file a sur-reply on May 20, 2026. Dkt. No. 32.

The Court first considers whether the claims are preempted by the LMRA and, therefore, whether the action may proceed in federal court under 28 U.S.C. § 1441(a). The Court then turns to Defendants' other grounds for dismissal.

## II. SUBJECT MATTER JURISDICTION

A defendant may remove any civil action from state court to federal court if the federal court would have originally had subject matter jurisdiction over it. 28 U.S.C. § 1441(a). Federal courts "strictly construe the removal statute against removal jurisdiction" and reject jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Thus, as a threshold matter, the Court considers whether Dejean's claims are preempted under Section 301 of the LMRA, such that the Court has jurisdiction to review the motion to dismiss.

### A. Preemption Under Section 301 of the LMRA

Normally, federal question jurisdiction is governed by the " 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386,

---

[3] Defendants request judicial notice of court documents in the matter of *Miguel E Dejean v. ASM Global At Moscone Center & SEIU-USWW* in San Fracisco Superior Court. Dkt. No. 27. The documents are matters of public records that have a direct relationship to the matter at issue and, thus, proper for judicial notice. *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). Accordingly, the request for judicial notice is **GRANTED**.

392 (1987). Thus, a plaintiff can usually avoid federal question jurisdiction by pleading only state-law claims. *Id.* But there is an "independent corollary" to the well-pleaded complaint rule: the complete preemption doctrine. *Id.* at 393, 397. That doctrine applies when "the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.' " *Id.* at 393 (citation omitted). Even for those statutes, though, federal question jurisdiction only exists if the plaintiff's claim is facially preempted. *Id.* at 398-99 ("[T]he presence of a federal question . . . in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule – that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court.").

The LMRA is a statute that converts a common law complaint into a federal claim. *Id.* at 393-94. Section 301(a) of the LMRA conveys federal courts jurisdiction to hear "[s]uits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). Section 301 was intended to "fashion a body of federal common law to be used to address disputes arising out of labor contracts." *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007) (quoting *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 209 (1985)). As such, "a civil complaint raising claims preempted by § 301 raises a federal question that can be removed to a federal court." *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1152 (9th Cir. 2019). "The Supreme Court has stressed," however, "that '§ 301 cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law.' " *Id.* (quoting *Livadas v. Bradshaw*, 512 U.S. 107, 123 (1994)).

To determine whether a claim is preempted under Section 301, courts in the Ninth Circuit apply the two-step *Burnside* test. *Curtis*, 913 F.3d at 1152 (citing *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 913-14 (9th Cir. 2018)). "First a court must determine 'whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA. If the right exists solely as a result of the CBA, then the claim is preempted, and [the] analysis ends there.' " *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032 (9th Cir. 2016)

United States District Court
Northern District of California

(quoting *Burnside*, 491 F.3d at 1059). If the right underlying the state law claims exists independently of the CBA, courts move to the second step and ask "whether the right is nevertheless substantially dependent on analysis of a collective-bargaining agreement." *Id.* (internal quotation marks and citation omitted). If the right is substantially dependent on a CBA, then the claim cannot proceed under state law. *Id.* The Court applies the *Burnside* test to each of the claims asserted in the first amended complaint.

### B. *Burnside* Step One

At step one, a court evaluates the " 'legal character' of the claim by asking whether it seeks purely to vindicate a right or duty created by the CBA itself." *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 921 (9th Cir. 2018) (citation omitted). "If a claim arises entirely from a right or duty of the CBA—for example, a claim for violation of the labor agreement . . .—it is, in effect, a CBA dispute in state law garb, and is preempted." *Id.* (citations omitted). Under those circumstances, "the CBA is the 'only source' of the right the plaintiff seeks to vindicate." *Id.* (citation omitted). By contrast, "a claim that 'involves a right conferred upon an employee by virtue of state law' is not preempted at step one." *Renteria-Hinojosa v. Sunsweet Growers, Inc.*, 150 F.4th 1076, 1089 (9th Cir. 2025) (quoting *Burnside*, 491 F.3d at 1059).

First, the Court considers the potential preemption of Dejean's wrongful termination claim. The CBA creates ASM Global's right to dismiss employees for just cause, defines just cause, and mandates procedures that ASM Global must follow when terminating an employee. *See* Dkt. No. 26-1 at 18-20, 24, 32-35. Dejean alleges that Defendants failed to conduct a fair and complete investigation before terminating him. Dkt. No. 24 ¶ 101. Thus, the wrongful termination claim turns on Defendants' duty to issue discipline based on just cause and Dejean's right to a fair investigation pursuant to the CBA. *See Stallcop v. Kaiser Found. Hosps.*, 820 F.2d 1044, 1049 (9th Cir. 1987) (holding that wrongful discharge claim was preempted because, where the CBA "guarantees the employer will discipline employees only upon just cause", the agreement provides "the same or greater protection of job security that state tort law seeks to provide for nonunionized employees."); *Pathak v. Avis Rent a Car Sys., LLC*, No. C 13-1823 JSW, 2013 WL 4082258, at *4 (N.D. Cal. Aug. 9, 2013). Because Dejean's wrongful termination claim seeks enforcement of

rights and duties under the CBA, the LMRA preempts the claim.

Next, Defendants contend that Dejean's Section 1102.5 retaliation claim is preempted because Dejean alleges that the retaliatory conduct violates the CBA. "Under § 1102.5(b) of the California Labor Code, an employer may not retaliate against an employee for disclosing a violation of a state or federal statute, regulation, or rule." *Brown v. Brotman Med. Ctr., Inc.*, 571 F. App'x 572, 575 (9th Cir. 2014). Indeed, Dejean alleges Defendants retaliated against him by placing him on suspensions without "good cause" as defined by the CBA. Dkt. No. 24 ¶¶ 25, 28, 32-33; Dkt. No. 28 at 10:6-27. But the Ninth Circuit held that California Labor Code Section 1102.5(b) retaliation claims "require an inquiry into the respective actions of the employer and employee" and that such an inquiry "will not depend on interpretation of terms in the CBA." *Brotman Med. Ctr., Inc.*, 571 F. App'x at 575. Dejean's claim enforces a right to be free from retaliation created by state law, which turns on Defendants' motives for issuing suspensions, not whether the suspensions violated the CBA. *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 407 (1988); *see also Ward v. Circus Circus Casinos, Inc.*, 473 F.3d 994, 998 (9th Cir. 2007) ("A defense based on the CBA is alone insufficient to require preemption."). Thus, Dejean's retaliation claim is not preempted under step one.

Regarding the defamation claim, Prokopos sent a statement to Dejean's manager and the entire Security Department accusing Dejean of making physical threats and appearing out of control. Dkt. No. 24 ¶ 79. Defendants contend that the defamation claim is preempted by LMRA because the statement was made in the context of disciplinary investigations. Dkt. No. 26 at 13:26-14:18. Defendants rely on *Green v. Hughes Aircraft Co.*, 630 F. Supp. 423 (S.D. Cal. 1985), where the court held that statements accusing the plaintiff of stealing sandwiches prompted an investigation and, thus, were made in the context of the incident's initial report and subsequent investigation. In *Green*, the court concluded that discipline was governed by the "just cause" provision in the CBA, and that the defamatory statements were thus "central rather than tangential to rights and procedures" under the CBA, and "intertwined" with the "right to discipline for cause." *Id.* at 426-27. However, the facts of the instant case are materially distinguishable from *Green* because Prokopos sent the statement to the entire Department. Dkt. No. 24 ¶ 79.

The Ninth Circuit has held that, where an allegedly defamatory statement is not within a category of communications required by the CBA and is not made as a part of the grievance process, Section 301 does not preempt a defamation claim. *Tellez v. Pac. Gas & Elec. Co.*, 817 F.2d 536, 538-39 (9th Cir. 1987); *id.* at 538 n.3 (distinguishing *Green*, 630 F. Supp. at 426-27, by explaining that the defamatory statements in *Tellez* were not preempted because they were published "beyond those who had a legitimate employment interest in them."). Here, the CBA neither requires staff to report threats to the entire department nor provides guidelines in the event that such a report is made. *See generally* Dkt. No. 26-1 at 4-43. Thus, Propkopos was not acting under the terms of the CBA when he sent the statement. Further, resolution of Dejean's defamation claim does not require consideration of the CBA. *See Tellez*, 817 F.2d at 538. Accordingly, the defamation claim arises under state law and is not preempted under step one.

### C. *Burnside* Step Two

Having found the retaliation and defamation claims are not preempted under step one of the *Burnside* test, the Court continues to step two. When a claim does not arise from the CBA, to be preempted, the claim must "require[ ] interpretation of a CBA, such that resolving the entire claim in court threatens the proper role of grievance and arbitration." *Alaska Airlines*, 898 F.3d at 921 (citations omitted). To require interpretation of the CBA, there must be "an active dispute over 'the meaning of contract terms.' " *Id.* (citation omitted). Here, Defendants fail to identify an active dispute over the meaning of any specific CBA term regarding Dejean's retaliation or defamation claim. *See Detabali v. St. Luke's Hosp.*, 482 F.3d 1199, 1203 (9th Cir. 2007) ("[B]ecause there is no dispute over the meaning of any terms within the agreement, resolution of the central issue . . . does not depend on interpretation of the collective bargaining agreement."). Accordingly, Dejean's retaliation and defamation claims are not preempted at step two.

In sum, the Court finds that Dejean's wrongful termination claim is preempted by Section 301, but the retaliation and defamation claims are not preempted. Defendants argue that any state law claim that is preempted by Section 301 is necessarily subject to dismissal. Not so. *See Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1036 (9th Cir. 2016) ("[T]he conclusion that § 301 precludes adjudication of a state law claim in whole or part does not

automatically require dismissal of a union-represented employee's challenge of an employer's actions."). An employee may seek relief under Section 301 where the employee timely exhausted remedies available under the CBA. *Id.* Here, Dejean exhausted the required four-step grievance process under Article XX of the CBA. Dkt. No. 28 at 13:22-14:8 (Plaintiff confirming he timely exhausted the mandatory grievance procedures of the contract before initiating this lawsuit). Thus, the Court finds no reason to summarily dismiss the preempted claim on Section 301 preemption grounds alone.

Because the wrongful termination claim is preempted by Section 301 of the LMRA, the Court exercises federal jurisdiction over this action. 28 U.S.C. §§ 1331, 1367(a). Accordingly, the Court takes up Defendants' asserted grounds for dismissal.

## III. MOTION TO DISMISS

Federal Rule of Civil Procedure 8 requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). To overcome a Rule 12(b)(6) motion to dismiss, the factual allegations in the plaintiff's complaint " 'must . . . suggest that the claim has at least a plausible chance of success.' " *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (quoting *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1107 (9th Cir. 2013)). The court may dismiss a claim "where there is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal claim." *Hinds Invs., L.P. v. Angioli*, 654 F.3d 846, 850 (9th Cir. 2011) (citing *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008)). Though entitled to a generous reading of the complaint, an unrepresented plaintiff must still meet these pleading standards. *See Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *see also Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005).

### A. Preemption under the NLRA

Defendants move to dismiss the wrongful termination claim as preempted by the NLRA. The NLRA preempts claims such that no court – federal or state – may hear the claim. *Vaca v. Sipes*, 386 U.S. 171, 179 (1967). Sections 7 and 8 of the NLRA provide a private cause of action

for claims "based on the conduct of labor organizations or their agents that constitute unfair labor practices." *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 950 (9th Cir. 2014). "When an activity is arguably subject to § 7 or § 8 of the [NLRA], the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board if the danger of state interference with national policy is to be averted." *San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 245 (1959); *see also Bassette v. Stone Container Corp.*, 25 F.3d 757, 760 (9th Cir. 1994) ("Even when a court is unsure, however, 'it is essential to the administration of the NLRA that these determinations be left in the first instance to the National Labor Relations Board.' ") (citing *Garmon*, 359 U.S. at 244-45). Accordingly, a claim actionable under the NLRA is preempted and must be dismissed. *Id.* at 761. "The party claiming preemption bears the burden of demonstrating that the challenged activity is arguably prohibited by the NLRA." *Milne Emps. Ass'n v. Sun Carriers*, 960 F.2d 1401, 1414 (9th Cir. 1991).

Dejean alleges that he was "terminated for engaging in protected activities." Dkt. No. 24 ¶ 98. The protected activities at issue include union-related advocacy and participation in grievance procedures. Dkt. No. 24 ¶¶ 12-13 ("It was only after he began participating in union protected activities . . . that the Plaintiff started to experience adverse actions in the form of, retaliatory and unwarranted disciplinary actions coming from the security management department staffing."), ¶ 72 (identifying protected activities as "reporting workplace misconduct; filing and supporting grievances; participating in arbitration proceedings; and advocating on behalf of employees"). Dejean alleges conduct that would constitute a violation of the NLRA. 29 U.S.C.A. § 158(a)(4); *see Bassette*, 25 F.3d at 761. The Ninth Circuit has held that federal or state claims for wrongful discharge based on union activity are preempted by the NLRA. *Shane v. Greyhound Lines, Inc.*, 868 F.2d 1057, 1061 (9th Cir. 1989); *Moreno v. UtiliQuest, LLC*, 29 F.4th 567, 575 (9th Cir. 2022). Thus, the wrongful termination claim is preempted by the NLRA and must be dismissed. *Bassette*, 25 F.3d at 760.

**B. Leave to Amend**

Courts dismissing a complaint for failure to state a claim should "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). "[A] district court should not dismiss

a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quotations omitted). No additional allegations can cure dismissal due to NLRA preemption. Thus, the Court denies leave to amend the wrongful termination claim.

## IV. SUPPLEMENTAL JURISDICTION

Regarding the remaining retaliation and defamation claims, "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3). The Ninth Circuit has emphasized that "[i]n the usual case in which federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997).

Having dismissed with prejudice the wrongful termination claim over which the Court had jurisdiction under 28 U.S.C. § 1441(a), there is no persuasive reason for the Court to exercise supplemental jurisdiction over Dejean's retaliation and defamation claims. The Court exercises its discretion to decline supplemental jurisdiction, and remands the action to San Francisco County Superior Court.

## V. MOTON TO FILE A SUR-REPLY

Dejean moves for leave to file a sur-reply in response to a new argument introduced in Defendants' reply. Dkt. No. 32. On reply, Defendants contend that Dejean's retaliation and wrongful termination claims do not relate to statutory rights because the wage dispute underlying Dejean's "protected activity" depended on contractual interpretation of the CBA. *See* Dkt. No. 30 at 3. Because the Court did not find Defendants' arguments related to the wage dispute helpful to its determination of Section 301 preemption of the claims, the Court found no need to consider the argument or materials proffered in or with the sur-reply. Accordingly, Dejean's motion to file a sur-reply, Dkt. No. 32, is **DENIED AS MOOT**.

## CONCLUSION

For the foregoing reasons, Dejean's wrongful termination claim is **DISMISSED** with prejudice. This action is hereby **REMANDED** to San Francisco County Superior Court.

28 U.S.C. § 1447 ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). The Clerk of Court shall transmit the case and close the file.

**IT IS SO ORDERED.**

Dated: November 25, 2026

ARACELI MARTÍNEZ-OLGUÍN
**United States District Judge**